ROBERT A. BELLAGAMBA, ESQ.  BAR#: 56537
J. KEVIN MOORE, ESQ.  BAR#: 153744
CLAPP, MORONEY, BELLAGAMBA and VUCINICH
A PROFESSIONAL CORPORATION
6130 Stoneridge Mall Road, Suite 275
Pleasanton, CA  94588
(925) 734-0990  Fax: (925) 734-0888

Attorneys for DEFENDANT/
THIRD PARTY COMPLAINANT
TURNER CONSTRUCTION COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. INTERNATIONAL CORPORATION, | CASE NO.: 2:05-CV-01945-DFL-KJM |
| Plaintiff, | STIPULATION TO APPOINT SPECIAL MASTER AND ORDER |
| v. | |
| TURNER CONSTRUCTION COMPANY, | |
| Defendant. | |
| TURNER CONSTRUCTION COMPANY | |
| Third Party Complainant, | |
| v. | |
| ALPHA OMEGA PAINTING, ET AL. | |
| Third Party Defendants. | |

The parties to this action, by and through their attorneys of record, hereby stipulate that THOMAS CASTLE, ESQ. and PETER DEKKER, ESQ., Griffiths, Castle & Schwartzman, 2000 Crow Canyon Place, Suite 190, San Ramon, CA  94583, (925) 904-0111, (925) 904-0110 FAX, shall be appointed as Special Master in this matter by agreement pursuant ///

to Federal Rules of Civil Procedure Rule 53 and California Code of Civil Procedure Sections 638 and 187.

The duties and powers of the Special Master shall be as set forth herein.

1.   The Special Master shall coordinate all discovery and all law and motion matters related to discovery.   The Special Master may, among other things, hear and make recommendations, open discovery, order production of documents to a depository, order disclosure of percipient and/or expert witnesses, control written discovery in his discretion, order site inspections and visual non-destructive and/or destructive testing, and issue such other recommendations to the Court as he deems appropriate to orderly case management.

2.   The Special Master is empowered to order the parties to attend settlement conferences and conduct those settlement conferences when he deems it appropriate and may, as a function of ordering such settlement conferences require the attendance of counsel, parties or representatives of parties with full authority to settle, and/or consultants; to meet with the parties and their counsel together and/or separately; to order site inspections and attendance by parties and their consultants and experts; to require counsel to provide statements pertaining to legal and factual issues; to refer special problems affecting settlement which require the assistance of the Court to the supervising judge; and to issue such other orders with reference to the settlement conference(s) as he deems appropriate to the settlement process.

3.   The Special Master shall convene settlement conferences, when he deems it appropriate and oversee settlement discussions

1  between the parties; meet with counsel and the parties together
2  and/or separately; require counsel to provide statements pertaining
3  to legal and factual issues; and refer special problems affecting
4  settlement which require the assistance of the Court to the
5  supervising judge as may be proper within the context of settlement
6  conference confidentiality.

7      4.    The Special Master may supervise, plan, coordinate and
8  make recommendations concerning procedural issues, including, but
9  not limited to (a) the consolidation of related actions, (b) time
10  limitations and ground rules for filing and service of complaints,
11  cross-complaints and responsive pleadings, and (c) assigning the
12  matter a trial date.

13      5.    The Special Master may appoint a lead defense
14  representative who shall be responsible for coordinating matters
15  among the defense attorneys as they appear in the action.  This
16  coordination may include organizing and issuing joint defense
17  responses, organizing requests for joint inspections and testing, or
18  such other matters as the Special Master deems appropriate.

19      6.    The Special Master shall periodically report the status of
20  the matter to the supervising judge, together with such recommended
21  orders relating to discovery and case management as well as other
22  recommendations as may assist the Court.  Recommendations provided
23  to the Court shall be circulated by the Special Master by fax to
24  counsel for comment and, in the absence of objection submitted
25  within five (5) days of receipt of said recommendation, shall be
26  filed with the Court.  The time for response to a proposed order may
27  be reduced by the Special Master under exigent circumstances, upon
28  specific notice to the parties.  In the event any party timely

communicates an objection to a recommendation which is circulated by the Special Master and such recommendation is submitted to the Court by the Special Master, any party that opposes the recommendation shall, within the time set by stipulation of the parties or by the Special Master, or such other time as is provided by the California Code of Civil Procedure, file a statement of opposition together with points and authorities in support thereof with the Court, with a courtesy copy to the chambers of the assigned judge, and serve such statement of opposition points and authorities on the Special Master and all counsel of record.  Failure to file a statement of opposition shall be deemed to be acquiescence in the recommended order.

7.   All  law  and  motion  matters;  with  the  exception  of discovery motions and motions to amend the pleadings, including but not limited to, the addition of new parties; shall not be heard by the Special Master.

8.   The  fees  and  costs  of  the  Special  Master  will  be apportioned equitably among the parties by the Special Master (e.g., if only three parties participate in a meeting then only those parties would be charged for that meeting) and shall be subject to review by the Court upon request of any party or the Special Master. Furthermore,  once  a  party  is  dismissed  from  the  action,  this stipulation shall terminate as of the date of the dismissal for the dismissed party only, and the dismissed party shall be responsible for the payment of fees only up to and including the date of the dismissal.  The Court shall retain jurisdiction after dismissal of the  action  to  hear  any  motion  related  to  apportionment  or  non-payment of the fees and costs of the Special Master.

1         9.    This Stipulation may be signed in counterparts.

2

3         IT IS FURTHER AGREED by and between each of the parties to this

4    Stipulation that all communications, negotiations, and settlement

5    discussions by and between counsel and parties to this action shall

6    be   confidential,   in   accordance   with   California   Evidence   Code

7    Sections 703.5, 1119, 1121, 1152, and 1154 and Federal Rules of

8    Evidence Rules 403 and 408, and that anything said or any admission

9    made by attorneys, parties, principals, consultants, or others in

10   the course of the settlement discussions, and any document prepared

11   for  the  purpose  of,  or  in  the  course  of,  or  pursuant  to,  the

12   settlement process are deemed confidential communications, and shall

13   not   be   admissible   in   evidence   or   subject   to   discovery,   and

14   disclosure of such evidence shall not be compelled in this, or any

15   other proceeding, provided that said confidentiality is waived for

16   the purposes of any motion to enter judgment pursuant to the terms

17   of   a   settlement   under   California   Code   of   Civil   Procedure

18   Section 664.6 or 664.7  Nothing herein contained shall be deemed to

19   constitute a Court order for the sealing of any materials filed with

20   the Court or Special Master, absent a hearing and the findings

21   required by California Rules of Court Rule 243.

22       By   signing   the   consent   to   serve,   the   Special   Master

23   independently represent that (1) he has not had any significant

24   personal relationship with a party, attorney or law firm in the

25   instant case but that he may have had a professional relationship in

26   that  he  is  aware  of  no  matter  that  requires  disclosure  under

27   subdivisions (D)(2)(f) and (D)(2)(g) of Canon 6 of the California

28   Code of Judicial Ethics, and that he may have previously, including

within the past 24 months, acted as Special Master, mediator, discovery referee, arbitrator or other neutral dispute resolution provider in similar matters involving some of the attorneys, parties, insurance companies and experts involved in this action and been compensated therefor, and that he is aware of no facts that create a conflict of interest or other grounds for disqualification.

The stipulating parties hereby agree to the appointment of the Special Master and Mediator conditioned upon receipt and acceptance of the disclosures required under California Rules of Court Rule 244, 244,1 or 244.2.

[Signatures to follow]

1   DATED: _____, 2005          Reed Smith LLP

2

3                                                 By: _____

4                                                   Donald P. Rubenstein, Esq.
                                      Attorneys for Plaintiff

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   DATED: _____, 2005      Burnham Brown

2

3                               By: _____

4                                  Steven M. Marden, Esq.
                              Attorneys for DeSilva Gates

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  DATED: _____, 2005            Greve, Clifford, Wengel &
                                          Paras, LLP
2

3

4  By: _____
       Gary L. Vinson, Esq.
5  Attorneys for Kleinfelder, Inc.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  DATED: _____, 2005          Adorno, Yoss, Alvarado & Smith

2
                                        By: _____
3                                            Raul F. Salinas, Esq.
                                        Attorneys for Cal-Air, Inc.
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   DATED: _____, 2005          Vitale & Lowe

2

3                                         By: _____
                                              Suzanne A. Tollefson, Esq.
4                                         Attorneys for Western Single Ply

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   DATED: _____, 2005          Clapp, Moroney, Bellagamba and
2                                          Vucinich

3
                                       By: _____
4                                          J. Kevin Moore, Esq.
                                       Attorneys for Turner Construction
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   DATED: _____, 2006          Lewis Brisbois Bisgaard & Smith
                                         LLP
2

3
                                  By: _____
4                                      Edward F. Morrison, Esq.
                                       Jeffrey B. Stoltz,, Esq.
5                                      Attorneys for JD2, Inc.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  DATED: _____, 2006              Anwyl, Scoffield & Stepp, LLP

2

3                                           By: _____
                                                Leigh A. Stepp, Esq.
4                                           Attorneys for Alpha Omega Painting

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   DATED: _____, 2006          Miller Starr & Regalia

2

3                                        By: _____

4                                            William D. Pahland, Jr., Esq.
                                         Attorneys for Moisture Control
5                                        Technologies

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    DATED: _____, 2006          Hanson Bridgett Marcus Vlahos &
                                            Rudy LLP
2

3
                                    By: _____
4                                       Howard W. Ashcroft, Jr., Esq.
                                    Attorneys for Raymond Professional
5                                   Group

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 | DATED: _____, 2006          Pandell Law Firm, Inc.

2

3 |                                        By: _____
                                              James C. Jardin, Esq.
4 |                                        Attorneys for Lowney Associates

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1      I HEREBY CONSENT TO THE ABOVE REFERENCE.  I certify that I am

2  aware of and will comply with the applicable provisions of Canon 6

3  of the Code of Judicial Ethics and Rules of Court, Rule 244.2

4

5

DATED:  _____, 2006         _____

6                                   THOMAS CASTLE, ESQ.
                                    Special Master
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION TO APPOINT SPECIAL MASTER          18

1     I HEREBY CONSENT TO THE ABOVE REFERENCE.  I certify that I am

2  aware of and will comply with the applicable provisions of Canon 6

3  of the Code of Judicial Ethics and Rules of Court, Rule 244.2

4

5

   DATED:  _____, 2006      _____

6                                PETER DEKKER, ESQ.

7                                Special Master

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1        The court makes this appointment under Fed. R. Civ. P. 53.

2   IT IS SO ORDERED.

3

    DATED: 3/23/2006

4

5

6                                          _____
7                                          DAVID F. LEVI
                                           United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28