```
 1  DANIEL R. MILLER (Bar No. 126893)
    WILLIAM D. PAHLAND, JR. (Bar No. 215332)
 2  MILLER, STARR & REGALIA
    A Professional Law Corporation
 3  1331 N. California Blvd., Fifth Floor
    Post Office Box 8177
 4  Walnut Creek, California  94596
    Telephone:    (925) 935-9400
 5
    Attorneys for Cross-Claimant
 6  MOISTURE CONTROL TECHNOLOGIES, INC.
    (*erroneously sued as MOISTURE CONTROL
 7  TECHNOLOGIES*)
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. INTERNATIONAL CORPORATION, | No. 2:05-CV-01945-DFL-KJM |
| Plaintiff, | CROSS-CLAIM OF MOISTURE CONTROL TECHNOLOGIES, INC. FOR IMPLIED EQUITABLE INDEMNITY, COMPARATIVE FAULT, AND DECLARATORY RELIEF |
| v. | |
| TURNER CONSTRUCTION COMPANY, | |
| Defendant. | |
| MOISTURE CONTROL TECHNOLOGIES, INC., | |
| Cross-Claimant, | |
| v. | |
| C. INTERNATIONAL CORPORATION; ALPHA OMEGA PAINTING; CAL-AIR, INC.; DCF CONCRETE CONSTRUCTION; F.D. THOMAS, INC.; JD2, INC.; RAYMOND PROFESSIONAL GROUP, INC. f.k.a. RAYMOND-NOBB; WESTERN SINGLE PLY; SARNAFIL, INC.; and ZOES 1 through 50, inclusive, | |
| Cross-Defendants. | |

1    Cross-Claimant Moisture Control Technologies, Inc. ("MCT"), *erroneously sued*
2    *herein as* Moisture Control Technologies, complains of Cross-Defendants C. International
3    Corporation; Alpha Omega Painting; Cal-Air, Inc.; DCF Concrete Construction; F.D. Thomas,
4    Inc.; JD2, Inc.; Raymond Professional Group, Inc. f.k.a. Raymond-Nobb; and Western Single
5    Ply; and third parties joined as cross-defendants per Federal Rules of Civil Procedure, Rule 20,
6    Sarnafil, Inc. ("Sarnafil") and Zoes 1 through 50, inclusive (collectively the "Cross-Defendants"),
7    and each of them, and alleges as follows:

## JURISDICTION

9    1.    Plaintiff and Cross-Defendant C. International Corporation ("CIC") or
10   "Plaintiff") is a citizen of Ohio.  Defendant, Third-Party Complainant, and Counter-Defendant
11   Turner Construction Company ("Turner") is a citizen of New York.  Based on information and
12   belief, the third-party defendants named in Turner's Third-Party Complaint are all citizens of
13   states other than New York or Ohio.  The amount in controversy in this matter exceeds $75,000,
14   exclusive of interests and costs.  Accordingly, this Court has jurisdiction based on diversity of
15   citizenship, pursuant to section 1332 of Title 28 of the United States Code.

## GENERAL ALLEGATIONS

17   2.    MCT is, and at all times herein mentioned was, a corporation duly
18   organized and existing under the laws of the State of Illinois.
19   3.    MCT is informed and believes that Plaintiff and Cross-Defendant CIC is an
20   Ohio corporation doing business in Solano County, California.
21   4.    MCT is informed and believes that Defendant, Third-Party Complainant
22   and Counter-Defendant Turner is a New York corporation doing business in Solano County,
23   California.
24   5.    MCT is informed and believes that Third-Party Defendant and Cross-
25   Defendant Alpha Omega Painting ("Alpha") is a California corporation doing business in Solano
26   County, California.

6. MCT is informed and believes that Third-Party Defendant and Cross-Defendant Cal-Air, Inc. ("Cal-Air") is a California corporation doing business in Solano County, California.

7. MCT is informed and believes that Third-Party Defendant and Cross-Defendant DCF Concrete Construction ("DCF") is a California corporation doing business in Solano County, California.

8. MCT is informed and believes that Third-Party Defendant and Cross-Defendant F.D. Thomas, Inc. ("FDT") is a business entity as yet unknown and is doing business in the State of California.

9. MCT is informed and believes that Third-Party Defendant and Cross-Defendant JD2, Inc. ("JD2") is a California corporation doing business in Solano County, California.

10. MCT is informed and believes that Third-Party Defendant and Cross-Defendant Raymond Professional Group, Inc. f.k.a. Raymond-Nobb ("Raymond") is a California corporation doing business in Solano County, California.

11. MCT is informed and believes that Third-Party Defendant and Cross-Defendant Western Single Ply ("Western") is a California corporation doing business in Solano County, California.

12. MCT is informed and believes that joined Cross-Defendant Sarnafil, Inc. ("Sarnafil") is a business entity as yet unknown doing business in Solano County, California. MCT is informed and believes it is proper to join Sarnafil pursuant to Federal Rules of Civil Procedure, Rule 20, because: (1) MCT's claim is asserted against Sarnafil and the other Cross-Defendants jointly and severally; (2) MCT's claim against Sarnafil and the other Cross-Defendants arises out of the same transaction; and (3) there are common issues of law and fact between Sarnafil and the other Cross-Defendants.

13. On or about March 14, 2005, CIC filed a Complaint for Damages (the "Complaint") against Turner in the United States District Court, Northern District of Illinois, as Case No. 05C 1496 (the "Action"). The Complaint alleges defects and damage related to a

1  warehouse facility located in Dixon, California (the "Warehouse").  The Complaint alleges that
2  Turner failed to construct the Warehouse according to applicable plans and specifications and in a
3  workmanlike manner.  CIC alleges defects with the roof, exterior walls, and the floor of the
4  warehouse leading to damage and lost revenue.
5          14.     At some point thereafter, which is currently unknown to MCT, the Action
6  was transferred to the United States District Court, Eastern District of California.
7          15.     On or about September 29, 2005, Turner filed a Third-Party Complaint (the
8  "TPC") against a variety of Third-Party Defendants, including Alpha, Cal-Air, DCF, FDT, JD2,
9  Raymond, Western, and MCT (the "Third-Party Defendants").  The TPC seeks recovery from the
10 Third-Party Defendants based on theories of negligence, equitable indemnity, implied contractual
11 indemnity, breach of contract, breach of express warranty, breach of implied warranties, and
12 declaratory relief.
13         16.     Plaintiff's Complaint and the TPC are referred to in this pleading solely for
14 purposes of setting forth the allegations of this Cross-Claim, and in so referencing them, MCT
15 continues to deny that it is in any way responsible for the defects alleged.
16         17.     MCT is unaware of the true names and capacities of those defendants sued
17 herein as Zoes 1 through 50, inclusive, and therefore sues these Cross-Defendants by such
18 fictitious names.  MCT may amend this Cross-Claim to allege their true names and capacities
19 once they are ascertained.  MCT is informed and believes, and based thereon alleges, that each of
20 the Cross-Defendants sued herein, including Zoes 1 through 50, is in some manner responsible, in
21 whole or in part, for the matters alleged herein.  All references to Cross-Defendants include all
22 "Zoe" Cross-Defendants.
23         18.     CIC alleges it entered into a contract with Turner for the construction of the
24 Warehouse.  CIC contends that Turner failed to construct the roof of the Warehouse properly
25 such that the roofing membrane "billows" during high wind.  According to CIC, this "billowing"
26 has caused the membrane to stretch and tear and has allowed water to penetrate the roof, enter the
27 interior of the Warehouse, and damage products stored in the Warehouse as well as prevent CIC
28 from utilizing the Warehouse in the manner for which it was intended to be used.

19. Turner, in turn, contends that MCT is in part responsible for the alleged "billowing."

20. MCT, however, is not at fault for the billowing, which is not caused by MCT's design but by Turner's and Sarnafil's changes to MCT's design, as well as substantial defects in the work of DCF, FDT, Western, Alpha, JD2, and Raymond, which has allowed wind to penetrate the building envelope and cause the alleged roof billowing. Further, MCT is informed and believes that CIC retained Raymond to design the Warehouse and that Raymond's design of the Warehouse envelope was negligent such that it has in part contributed to the wind intrusion and resulting roof billowing. Accordingly, CIC is responsible for the defective work of its design professionals.

**FIRST CAUSE OF ACTION**

(Implied Equitable Indemnity and Determination of Comparative Fault)

21. MCT realleges and incorporates herein by this reference, as though set forth in full in this paragraph, each and every allegation set forth in paragraphs 1 through 20, inclusive, above.

22. Without admitting any allegation in the TPC or Complaint, and while specifically and unequivocally denying any and all liability to Turner, CIC, and all other parties, MCT alleges that if it is found liable as a consequence of the allegations contained in the TPC, the Complaint, or any other claim or deemed claim, such liability would be the direct or proximate cause and result of the carelessness, negligence, or other wrongful conduct or omissions of Turner and the Cross-Defendants, and each of them, warranting in equity that Turner and the Cross-Defendants, and each of them, indemnify MCT for damages and costs for which MCT is found liable, if any.

23. Should it be determined based on the allegations of the TPC, the Complaint, or any other claim or deemed claim that MCT is liable for any of the damages alleged in such pleadings, then MCT asserts that the liability resulted totally or partially from the acts and omissions of Turner and the Cross-Defendants, and each of them. MCT asserts that it is entitled to equitable implied indemnity from Turner and the Cross-Defendants, and each of them, and

1  contribution, for comparative fault based upon the proportion to which any such damages were
2  caused by the acts, omissions, negligence, carelessness, or other fault of Turner and the Cross-
3  Defendants, and each of them.  The indemnity and contribution rights are to be determined by the
4  proportional degree of fault or liability of Turner and the Cross-Defendants, and each of them.
5  MCT alleges that it is entitled to total or partial recoveries and indemnity from Turner and the
6  Cross-Defendants, and each of them, based upon the comparative fault principles set forth under
7  the decision of *American Motorcycle Association v. Superior Court* (1978) 29 Cal.3d 578 and
8  subsequent case law.

9        24.    MCT is informed and believes, and based thereon alleges, that the
10 allegations of damages suffered by Turner, and/or any Cross-Defendant, which allegations MCT
11 expressly denies, are properly attributable totally, or if not totally then partially, to the conduct or
12 inaction of Turner and the Cross-Defendants.  Accordingly, Turner and the Cross-Defendants are
13 required by law to hold MCT harmless and indemnify it, totally or partially, for the amount of any
14 judgment, settlement, or damages for which MCT may be held responsible and for any and all
15 recoverable costs incurred by MCT as a result of the Complaint, the TPC, or any other claim or
16 deemed claim.

17       25.    MCT further alleges that in order to adjudicate comparative fault so as to
18 determine the percentage of liability and responsibility of Turner and the Cross-Defendants for
19 the alleged damages, if any, it is necessary to establish Turner's and the Cross-Defendants'
20 percentage of comparative fault to allocate any proved loss between the responsible parties
21 according to their percentage of fault.  MCT alleges this may avoid multiple or otherwise
22 inconsistent obligations and liabilities and may prevent MCT from being required to pay for all,
23 or for an amount, of the damage, if any, sustained by Turner, CIC, or others, which payment
24 would be disproportionate with the comparative fault of MCT, which it alleges is none.

25       26.    MCT has retained legal counsel to represent it in defense of the TPC, the
26 Complaint, and any other claim or deemed claim, and has incurred, and will continue to incur,
27 costs and attorneys' fees associated with its defense.  Pursuant to Code of Civil Procedure
28 section 1021.6, MCT contends that it is without fault in this Action and entitled to a judgment of

no liability, and that it is being compelled to appear and defend itself in the present Action only as a result of Turner's meritless claims against it. As such, MCT demands that Turner and the Cross-Defendants assume the expense of defense of and fully indemnify MCT from any and all liability MCT may incur pursuant to the TPC, the Complaint, and any other claim or deemed claim, including all attorneys' fees and costs, pursuant to the above-cited statute.

WHEREFORE, MCT prays for judgment against Cross-Defendants, and each of them, as set forth below.

## SECOND CAUSE OF ACTION

(Declaratory Relief)

27. MCT realleges and incorporates herein by this reference, as though set forth in full in this paragraph, each and every allegation set forth in paragraph 1 through 26, inclusive, above.

28. An actual controversy has arisen and now exists between MCT and Turner and the Cross-Defendants, and each of them, in that MCT is informed and believes that it has no fault, is entitled to indemnity, and that Turner and the Cross-Defendants deny these and the above allegations.

29. MCT seeks a judicial determination of the respective rights and duties of MCT, Turner, and the Cross-Defendants with respect to the damages and other relief claimed in the TPC, and, particularly, the respective liabilities of MCT, Turner, and the Cross-Defendants for such damages, if any, and a declaration of the respective responsibilities of Turner and the Cross-Defendants to indemnify MCT for any sums which MCT may be compelled to pay to CIC by reason of its Complaint, as well as for all recoverable costs incurred by MCT in this Action.

30. Such declarations are necessary and appropriate at this time in order that MCT may ascertain its rights and duties with respect to the claims contained in the TPC. A determination of MCT's pleaded claims with those claims asserted against MCT involving the Warehouse may avoid the multiplicity of actions that would result if MCT were required to defend against the claims of the other parties and then to bring a separate action against Turner and the Cross-Defendants for indemnification of sums which MCT may be compelled to pay as a

result of any damages, judgment, or other award recovered by the other named parties against MCT in this Action.

WHEREFORE, MCT prays for judgment against the Cross-Defendants, and each of them, as follows:

**PRAYER**

1. For a decree confirming MCT's entitlement to total indemnity, or determining the prorated indemnity and contribution liability of the Cross-Defendants, and each of them, for any sums MCT is compelled to pay as a result of any damages, costs, judgment, settlement, or other awards, if any, adjudicated or recovered against MCT by reason of the claims of other parties to this Action, including the claims in the TPC, the Complaint, and any other claim or deemed claim, including any sums expended by MCT related to the defense of such actions;

2. For a decree determining responsibility and liability, if any, for damages claimed in the TPC, the Complaint, and any other claim or deemed claim, determining the comparative degree of fault of each party, and apportioning their respective responsibility of damages, if any, suffered;

3. For all recoverable costs, including, but not limited to, any recoverable attorneys' fees and costs under Code of Civil Procedure section 1021.6; and

4. For such other and further relief as this Court may deem just and proper.

Dated: March 27, 2006                    MILLER, STARR & REGALIA

By: /S/ *William D. Pahland, Jr.*
WILLIAM D. PAHLAND, JR.
Attorneys for Cross-Claimant
MOISTURE CONTROL
TECHNOLOGIES, INC.

# PROOF OF SERVICE

***C. International Corporation v. Turner Construction Company***
U.S. District Court for the Eastern District of California
Civil Case No. 2:05-CV-01945-DFL-KJM

I, Karen G. Brennan, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 1331 N. California Blvd., Fifth Floor, P.O. Box 8177, Walnut Creek, CA 94596. On the date below, I served the within document(s):

**CROSS-CLAIM OF MOISTURE CONTROL TECHNOLOGIES, INC. FOR IMPLIED EQUITABLE INDEMNITY, COMPARATIVE FAULT, AND DECLARATORY RELIEF**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by scanning the document(s) listed above in "PDF" format and E-Filing said document(s) directly with the United States District Court's ECF website at: https//ecf.caed.uscourts.gov before 5:00 p.m. (PST).

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Walnut Creek, California addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

**SEE ATTACHED SERVICE LIST**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on the date below at Walnut Creek, California.

Dated: March 27, 2006                    /S/ *Karen G. Brennan*
                                          Karen G. Brennan

**SERVICE LIST**
(Updated: 3/27/06)

| | |
|---|---|
| Donald P. Rubenstein, Esq.<br>Theodore K. Klaassen, Esq.<br>Reed Smith LLP<br>Two Embarcadero Center, Suite 2000<br>San Francisco, CA 94111 | Email: drubenstein@reedsmith.com<br>Email: tklaassen@reedsmith.com<br>Tel:   (415) 659-5946<br>Fax:   (415) 391-8269<br>For:   [Plf] **C. International, Incorporated** |
| Robert A. Bellagamba, Esq.<br>John K. Moore, Esq.<br>Clapp, Moroney, Bellagamba & Vucinich<br>6130 Stoneridge Mall Road, Suite 725<br>Pleasanton, CA 94588 | Email: **Not CAED Admitted**<br>Email: kmoore@clappmoroney.com<br>Tel:   (925) 734-0990<br>Fax:   (925) 734-0888<br>For:   [3d Party Plf] **Turner Construction Company**<br>*Robert A. Bellagamba served via U.S. Mail until registered for ECF* |
| Patrick M. Callahan, Esq.<br>Burnham Brown<br>901 Harrison Street, 11th Floor<br>P.O. Box 119<br>Oakland, CA 94604 | Email: pcallahan@burnhambrown.com<br>Tel:   (510) 444-6800<br>Fax:   (510) 835-6666<br>For:   [3d Party Def] **De Silva Gates Construction** |
| Leigh A. Stepp, Esq.<br>Anwyl, Scoffield, Stepp & Universal<br>2180 Harvard Street, Suite 200<br>Sacramento, CA 95815-3318 | Email: lstepp@anwylaw.com<br>Tel:   (916) 565-1800<br>Fax:   (916) 565-2374<br>For:   [3d Party Def] **Alpha Omega Painting** |
| James C. Jardin, Esq.<br>Pandell Law Firm<br>1990 N. California Blvd., Suite 1010<br>Walnut Creek, CA 94596 | Email: jcj@pandell-law.com<br>Tel:   (925) 974-1700<br>Fax:   (925) 974-1709<br>For:   [X-Clmt/X-Def] **Lowney Associates** |
| Gregory J. Korbel, Esq.<br>Hanson, Bridgett, Marcus, Vlahos & Rudy<br>425 Market Street, 26th Floor<br>San Francisco, CA 94105 | Email: gkorbel@hansonbridgett.com<br>Tel:   (415) 995-5097<br>Fax:   (415) 541-9366<br>For:   [3d Party Def] **Raymond Professional Group, Inc.** |
| Raul F. Salinas, Esq.<br>Adorno, Yoss, Alvarado & Smith<br>633 West Fifth Street, Suite 1150<br>Los Angeles, CA 90071 | Email: rsalinas@adorno.com<br>Tel:   (213) 229-2400<br>Fax:   (213) 229-2449<br>For:   [3d Party Def] **Cal-Air, Inc.** |
| Jeffrey B. Stoltz, Esq.<br>Lewis, Brisbois, Bisgaard & Smith<br>221 North Figueroa Street, Suite 1200<br>Los Angeles, CA 90012-2601 | Email: ppierce@lbbslaw.com<br>Email: stoltz@lbbslaw.com<br>Tel:   (213) 580-3961<br>Fax:   (213) 250-7900<br>For:   [3d Party Def] **JD2, Inc.** |

| | | |
|---|---|---|
| 1 | Charles I. Eisner, Esq.<br>Boornazian, Jensen & Garthe<br>555 12th Street, Suite 1800<br>P.O. Box 12925<br>Oakland, CA 94604-2925 | Email: unknown<br>Tel:   (510) 834-4350<br>Fax:  (510) 839-1897<br>For:   [3d Party Def] **JD2, Inc.**<br>*Served via U.S. Mail until registered for ECF* |
| 4 | Gary L. Vinson, Esq.<br>Audra L. Thompson, Esq.<br>Greve, Clifford, Wengel & Paras LLP<br>2870 Gateway Oaks Drive, Suite 210<br>Sacramento, CA 95833 | Email: garyvinson@greveclifford.com<br>Email: audrathompson@greveclifford.com<br>Tel:   (916) 443-2011 x-214<br>Fax:  (916) 441-7457<br>For:   [X-Def/3d Party Def] **Kleinfelder, Inc.** |
| 8 | Suzanne A. Tollefson, Esq.<br>Vitale & Lowe<br>3249 Quality Drive, Suite 110<br>Rancho Cordova, CA 95670-6098 | Email: suzanne.tollefson@zurichna.com<br>Tel:   (916) 851-3750<br>Fax:  (916) 851-3772<br>For:   [3d Party Def] **Western Single Ply** |
| 10 | Thomas Castle, Special Master<br>Peter Dekker, Special Master<br>Griffiths, Castle & Lawlor Goyette<br>2000 Crow Canyon Place, Suite 190<br>San Ramon, CA 94583 | Email: unknown<br>Email: unknown<br>Tel:   (925) 904-0111<br>Fax:  (925) 904-0110<br>*Served via U.S. Mail* |