IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. INTERNATIONAL CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>TURNER CONSTRUCTION COMPANY,<br><br>    Defendant.<br>_____<br>TURNER CONSTRUCTION COMPANY,<br><br>    Third Party Complainant,<br><br>    v.<br><br>ALPHA OMEGA PAINTING, CAL-AIR, INC., DCF CONCRETE CONSTRUCTION, DE SILVA GATES, F.D. THOMAS, INC., JD2, INC., KLEINFELDER, INC., LOWNEY ASSOCIATES, RAYMOND PROFESSIONAL GROUP, INC., f.k.a. RAYMOND-NOBB, WESTERN SINGLE PLY, and MOISTURE CONTROL TECHNOLOGIES,<br><br>    Third Party-Defendants.<br>_____<br>AND RELATED CROSS-CLAIMS. | CIV-S-05-1945 DFL KJM<br><br>MEMORANDUM OF OPINION<br>AND ORDER |

1

Third-party defendant Raymond Professional Group - A/E, Inc. f.k.a Raymond Nobb ("Raymond") moves for an order determining that it settled with plaintiff C. International Corporation ("International") in good faith.  Both defendant/third-party complainant Turner Construction Company ("Turner") and third-party defendant/cross-claimant/counter-claimant Moisture Control Technologies, Inc. ("MCT") oppose the motion.  For the reasons stated below, the court: (1) DENIES Raymond's motion for a good faith settlement with leave to renew; and (2) GRANTS the opposing parties a continuance to conduct additional discovery.

I.

This cases arises out of the allegedly defective construction and design of a warehouse in Dixon, California (the "building").  (Mot. at 2.)  International hired Raymond to provide engineering and architectural services on the building.  (Chidley Decl. ¶¶ 3-4.)  Turner was the general contractor for the building.  (Id. ¶ 8.)  After the building was completed, International alleged that the building's roof, exterior walls, and floor were defective.  (Id. ¶ 6.)  Based on these allegations, International withheld payment to Raymond.  (Id. ¶ 8.)  On October 5, 2004, Raymond filed suit against International in the Northern District of Illinois alleging that International owed it more than $550,000 in engineering and architectural fees and interest from work on the building.  (Id. ¶¶ 13-14.)

On December 6, 2004, Raymond and International settled their claim.  (Id. ¶ 15.)  The settlement provided that: (1) Raymond

2

would discount its claim for fees and interest by $225,000; (2) International agreed to reimburse Raymond up to $75,000 for any costs, settlement payments, or judgments arising out of any third-party claims against Raymond; (3) International would issue an internal memorandum stating that Raymond was not responsible for the defects at the building; and (4) International would introduce Raymond to International personnel who make decisions concerning procurement of professional engineering and architectural services. (Id. at Ex. A.)  On January 21, 2005, the United States District Court for the Northern District of Illinois dismissed Raymond's suit with prejudice.  (Raymond Request for Judicial Notice ("RJN"), Ex. A.)  The court made a finding that the settlement was in "good faith" but specifically declined to rule on the collateral effects of such a finding. Raymond does not assert that the issue of good faith was resolved by this order.

On March 14, 2005, International filed a suit against Turner in the Northern District of Illinois.  (Korbel Decl. ¶ 4.)  On September 27, 2005, the District Court for the Northern District of Illinois transferred the case here.  (Raymond RJN, Ex. B.)  On September 29, 2005, Turner filed a third-party complaint against Raymond and ten subcontractors involved with the building. (Korbel Decl. ¶ 6.)

II.

Raymond argues that its settlement with International was in good faith and should bar any contribution and indemnity claims

3

against Raymond arising from defects with the building. (Mot. at 6.) In diversity cases, state law governs determinations of good faith settlements. <u>Federal Sav. and Loan Ins. Corp. v. Butler</u>, 904 F.2d 505, 510 (9th Cir. 1990); <u>Owen v. United States</u>, 713 F.2d 1461, 1464-66 (9th Cir. 1983). Under California law, "[w]here a release, dismissal with or without prejudice or a covenant not to sue or not to enforce judgment is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort- . . . (b) It shall discharge the tortfeasor to whom it is given from all liability for any contribution to any other tortfeasors." Cal.Civ.Proc.Code § 877.

"A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." Cal.Civ.Proc.Code § 877.6(c). Under California Code of Civil Procedure section 877.6(d), "the party asserting lack of good faith shall have the burden of proof on that issue."

Here, MCT has not had an opportunity to investigate the building. MCT needs a reasonable opportunity to conduct discovery because, as the opposing party, it bears the burden to show a lack of good faith in the settlement. See <u>City of Grand Terrace v. Superior Court</u>, 192 Cal.App.3d 1251, 1265 (1987)

4

1  (finding that an objecting nonsettlor may move for a continuance
2  "for the purpose of gathering facts, which could include further
3  formal discovery, to support its statutory burden of proof as to
4  all Tech-Bilt factors nonsettlors placed in issue in order that
5  the matter can be fully and fairly litigated.").  Therefore, the
6  court: (1) DENIES Raymond's motion for a good faith settlement
7  with leave to renew; and (2) GRANTS the opposing parties a
8  continuance to conduct additional discovery.  The court directs
9  the special master to accommodate discovery on this issue.
10 Raymond may renew its motion in September 2006.

   IT IS SO ORDERED.

Dated: 6/26/2006

_____
DAVID F. LEVI
United States District Judge